IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GARY BARNETT and STEPHANIE BARNETT | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:05-CV-296 (TJW) |
| GREGORY S. GARSON, ET AL., | § § | |
| Defendants. | § § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Re-Open Case, For Leave to Dismiss First Allied Securities, Inc., For Status Conference, and For Scheduling Order (#55). The motion is GRANTED, in part, and DENIED, in part.

The Court previously entered an order enforcing the arbitration agreement between First Allied Securities, Inc. ("First Allied") and Plaintiffs. *See* Dckt. #47. Plaintiffs now move to dismiss First Allied and to re-open the case claiming that the arbitration agreement does not apply to the remaining defendants. Plaintiffs' motion to dismiss First Allied is GRANTED and First Allied is DISMISSED without prejudice.

Even though First Allied is now dismissed from this case, the arbitration agreement still applies to First Allied's employees. *See Defendants' Response to Plaintiffs' Motion* at Exhibit C. The parties do not dispute that Mr. Garson was an employee of First Allied at the time of the agreement and during the course of the disputed activities.

For a dispute to be submitted for arbitration under National Association of Securities Dealers, Inc. ("NASD") Rule 10301(a), the dispute must involve a "member" or an "associated person." Despite Plaintiffs' arguments to the contrary, Mr. Garson was an "associated person" under NASD

rules. An "associated person" must be registered or be in the process of applying for registration with the NASD. *California Fina Group, Inc. v. Herrin*, 79 F.3d 311, 318 (5th Cir. 2004); *BMA Financial Services v. Guin*, 164 F. Supp. 2d 813, 820-21 (W.D. La. 2001). In this case, NASD lists Mr. Garson as a registered broker for a NASD member firm. *See Defendants' Sur-Reply to Plaintiffs' Reply* at Exhibit A.

NASD Rule 10301(a) also requires that the dispute "aris[e] in connection with the business of such member or in connection with the activities of such associated persons . . . ." Regardless of whether this dispute involves First Allied, it does involve Mr. Garson, an associated person, and, therefore, must be submitted for arbitration. Accordingly, Plaintiffs' motion to re-open the case is DENIED and this case remains STAYED pending completion of arbitration.

SIGNED this 19th day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE